# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAS VEGAS DRAGON HOTEL, LLC, et al., | Case No.: 2:23-cv-00687-APG-MDC |
| Plaintiffs | **Order Granting Defendant's Motion for Summary Judgment and Denying Plaintiffs' Motion for Partial Summary Judgment** |
| v. | |
| ALLIED WORLD INSURANCE COMPANY, | [ECF Nos. 45, 46] |
| Defendant | |

This is an insurance coverage dispute arising out of a fatal fire at the Alpine Motel Apartments in Las Vegas. Parties injured by the fire filed lawsuits in state court against Las Vegas Dragon Hotel, LLC (doing business as Alpine Motel) for negligence and against the other plaintiffs in this case (Adolfo Orozco; Erika Ayala; Elite 1, LLC; Galeana, LLC; and Cancun, LLC) as Las Vegas Dragon Hotel's alter egos. At the time of the fire, Cancun had an excess insurance policy with defendant Allied World Insurance Company. Allied denied coverage for the fire lawsuits, so the plaintiffs in this case sued Allied seeking a declaration that, should the alter ego theory in the underlying fire lawsuits be proven, then all the plaintiffs in this suit are Allied's insureds. The plaintiffs also bring claims against Allied for breach of contract, insurance bad faith, and violation of Nevada Revised Statutes § 686A.310 (the Nevada Unfair Claims Practices Act or UCPA). Allied counterclaims, seeking a declaration that its policy with Cancun does not afford coverage for the fire lawsuits.

Allied moves for summary judgment on all claims and the plaintiffs move for partial summary judgment on their request for declaratory relief. The insurance policy covers only specified designated premises, and the Alpine Motel Apartments was not one of those designated

premises.  Thus, the policy does not afford coverage for the underlying fire lawsuits, so I grant Allied's motion for summary judgment and deny the plaintiffs' motion for partial summary judgment.

## I. BACKGROUND

### A. Issuance of the Policy and Individual Certificates of Participation

Allied issued an excess liability policy to Paramount Real Estate Group for the period of November 2018 to November 2020. ECF No. 41 at 3.  Paramount is a "purchasing group" as defined by the Risk Retention Act of 1986, which means it is a group of similarly situated businesses formed for the purpose of purchasing insurance. *Id.*; *see* 15 U.S.C. § 3901(a)(5). Paramount is a "Named Insured" under the Allied policy, and members of Paramount can also become Named Insureds under the policy by purchasing individual Certificates of Participation from Allied that fall within the policy period. ECF No. 41 at 3.

In April 2019, Las Vegas Dragon Hotel applied for a Certificate of Participation for three Las Vegas area properties, but not the Alpine Motel Apartments. *Id.* at 4; ECF No. 40-2 at 7. However, Las Vegas Dragon Hotel never paid the quoted premium, so coverage was never bound, and it was never issued a Certificate of Participation. ECF No. 41 at 4.

Galeana (doing business as Rodeway Inn & Suites Shreveport) purchased a Certificate of Participation from Allied for June 2019 to June 2020. *Id.*; ECF No. 40-4 at 2.  On Galeana's Certificate, the only listed "Location[] Covered at Inception" is a Shreveport, Louisiana address and the only listed "Exposure[] Covered at Inception" is 30 hotel rooms. ECF Nos. 41 at 4; 40-4 at 4, 6.  Shortly after Galeana's Certificate was issued, Orozco requested an amendment of the Named Insured because after purchasing the property he was "not able to keep the same name[,] Rodeway Inn."  ECF No. 40-6 at 3.  Allied issued an endorsement to the Galeana Certificate to

amend the Named Insured to "Cancun LLC dba Economy Inn and Suites," but "all other terms and conditions remain unchanged." ECF Nos. 40-6; 41 at 5.  The address for the Alpine Motel Apartments was not identified as a designated location on the policy or listed on any individual member's Certificate of Participation authorized by Allied. ECF No. 41 at 5.

**B.  The Policy Language**

The policy states in pertinent part:

I.  INSURING AGREEMENT – COMMERCIAL UMBRELLA LIABILITY

A. We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages by reason of liability imposed by law because of Bodily Injury, Property Damage . . . to which this insurance applies or because of Bodily Injury or Property Damage to which this insurance applies assumed by the Insured under an Insured Contract. . . .

B. This policy applies, only if . . . the Bodily Injury or Property Damage is caused by an Occurrence that takes place anywhere, and the Bodily Injury or Property Damage occurs during the Policy Period . . .

ECF No. 40-1 at 69.

Allied agrees that the fire lawsuits allege Bodily Injury and Property Damage, as the terms are defined by the policy, arising out of the Alpine Motel Apartments fire. ECF No. 45 at 15.  The term "Insured" includes entities that are defined as "Named Insureds." ECF No. 40-1 at 88.  Between the policy and the endorsements, there are three different definitions for the term Named Insured. *Id.* at 54, 65, 90.  Each of those definitions states that a Named Insured includes entities that are more than 50% owned by an entity actually listed on the policy. *Id.*

The policy also includes a "Designated Premises Limitation Endorsement," which states:

It is agreed that the following paragraph is added under Section I., "Insuring Agreement – Commercial Umbrella Liability":

This insurance will apply to Bodily Injury [or] Property Damage . . . arising out of:

3

1. the ownership, maintenance or use of the designated premises listed below or any property located on the premises listed below; or

2. operations on the premises listed below or operations elsewhere that are necessary or incidental to the ownership, maintenance or use of the premises listed below.

…

If no location is scheduled above, then reference the individual member Certificate of Participation or Schedule of Locations/Premises attached thereto.

*Id.* at 9.  No location was listed in the Designated Premises Limitation Endorsement, so the relevant designated premises are listed on individual member Certificates of Participation. *Id.*; ECF No. 41 at 4.

### C.  The Alpine Motel Apartments Fire

In December 2019, a fire broke out at the Alpine Motel Apartments located at 213 N. Ninth Street in Las Vegas. ECF No. 41 at 2.  Parties injured by the fire filed lawsuits against Las Vegas Dragon Hotel in state court. *Id.*  These lawsuits also allege that Orozco, Ayala, Elite 1, Galeana, and Cancun commingled assets and liabilities and were run under a unity of interest and ownership with Las Vegas Dragon Hotel and therefore all are liable for the debts of Las Vegas Dragon Hotel under an alter ego theory. *See* ECF No. 40-8 at 8-11, 28-30.[1]  Allied denied coverage for those fire lawsuits, so the plaintiffs filed this suit.

## II. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law."

---

[1] The plaintiffs and Allied stipulate that, for the purposes of these dispositive motions, the pleading filed at ECF No. 40-8 provides a representative example of the allegations made against the plaintiffs in the fire lawsuits. ECF No. 41 at 3.

1    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if "the evidence

2    is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

3          The party seeking summary judgment bears the initial burden of informing the court of

4    the basis for its motion and identifying those portions of the record that demonstrate the absence

5    of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The

6    burden then shifts to the non-moving party to set forth specific facts demonstrating there is a

7    genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th

8    Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a

9    genuine dispute of material fact that could satisfy its burden at trial.").  I view the evidence and

10   reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of*

11   *Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

12         The parties agree I should apply Nevada law regarding the interpretation of an insurance

13   contract.  Under Nevada law, the interpretation of an insurance policy is a question of law for the

14   court. *Starr Surplus Lines Ins. Co. v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 535 P.3d 254,

15   260 (Nev. 2023) (en banc).  "The purpose of contract interpretation is to determine the parties'

16   intent when they entered into the contract." *Century Sur. Co. v. Casino West, Inc.*, 329 P.3d 614,

17   616 (Nev. 2014) (en banc).  I interpret the policy language "from the perspective of one not

18   trained in law or in insurance, with the terms of the contract viewed in their plain, ordinary and

19   popular sense." *Id.* (quotation omitted).  I view "the policy as a whole to give reasonable and

20   harmonious meaning to the entire policy." *Id.* (quotation omitted).  An interpretation "should not

21   lead to an absurd or unreasonable result." *Id.*

22         If the policy's language is unambiguous, I "interpret it according to the plain meaning of

23   its terms." *Id.*  A policy is considered ambiguous if "it creates multiple reasonable expectations

1  of coverage as drafted." *Id.* (simplified).  Ambiguities are construed against the drafter. *Id.*  If

2  "an insurance policy has any ambiguous terms," then I must "interpret the policy to effectuate

3  the insured's reasonable expectations." *Id.*  I interpret clauses providing coverage broadly "to

4  afford the greatest possible coverage to the insured." *Id.*

5  **III. ANALYSIS**

6      **A.  Coverage**

7         Allied argues that there is no coverage for the fire lawsuits because the Designated

8  Premises Limitation Endorsement unambiguously makes the policy specific to designated

9  premises and it is undisputed that the Alpine Motel Apartments was not designated.  The

10  plaintiffs respond that the policy is ambiguous because it includes broad language stating that

11  coverage is for "anywhere" and "elsewhere" and because it has three versions of the "Named

12  Insured" definition.  Based on those ambiguities, the plaintiffs argue, it was reasonable for them

13  to expect that their other properties (including the Alpine Motel Apartments) were covered by

14  the policy.  Allied replies that regardless of which entities are covered under the Named Insured

15  definitions, there is no coverage for the fire lawsuits because the Alpine Motel Apartments was

16  not a designated premises.

17         The Designated Premises Limitation Endorsement modifies the insuring provision of the

18  policy.  It therefore describes the coverage afforded by the policy.  The parties stipulated that the

19  Cancun (previously Galeana) Certificate of Participation lists only the Shreveport property as a

20  designated premises, and that the Alpine Motel Apartments was not listed as a designated

21  premises under any individual member Certificate of Participation authorized by Allied.

22  Therefore, the only possible means of coverage under the Endorsement is that the policy offers

23

coverage "arising out of . . . operations elsewhere that are necessary or incidental to the ownership, maintenance or use of" the Shreveport property. ECF No. 40-1 at 9.

The plaintiffs argue that they reasonably interpreted the policy to provide coverage for all of them because they "constituted other operations which were incidental to Cancun, LLC" and were all "part of the same real estate business." ECF No. 47 at 16 (quotation marks omitted). But they offer no evidence that operations at the Alpine Motel Apartments were necessary or incidental to the ownership, maintenance, or use of the Shreveport property. Instead, they point only to the alter ego allegations in the fire lawsuits to support this argument. There is no evidence that Orozco, Ayala, Elite 1, Galeana, and/or Cancun becoming liable for Las Vegas Dragon Hotel's debts arising from the fire lawsuits is an operation necessary or incidental to the ownership, maintenance, or use of the Shreveport property. In other words, even if the alter ego theory is proven, there is still no occurrence that triggers coverage under the Allied policy. And to hold otherwise would unreasonably force Allied to cover risks that it did not contemplate when it sold coverage to Galeana and then amended the coverage to Cancun. This is apparent because the Cancun Certificate of Participation lists only 30 hotel rooms as the exposure type.

Moreover, the alter ego theory is an equitable doctrine to prevent abuse of the corporate form, but those equitable concerns are not present here. *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 845-46 (Nev. 2000). If the alter ego theory is proven, that means the plaintiffs in this case have been found to be abusing the corporate form. If that is the case, they should not benefit from expanded insurance coverage through their inequitable conduct.

Finally, the plaintiffs point to the insuring provision stating that "[t]his policy applies[] only if . . . the Bodily Injury or Property Damage is caused by an Occurrence that takes place anywhere," to argue that they reasonably believed that the policy was not location specific. ECF

No. 40-1 at 69.  But this provision and the Designated Premises Limitation Endorsement can (and must) be read together harmoniously.  The Endorsement covers injuries arising out of operations "elsewhere," meaning "anywhere" not on the designated premises, as long as those operations are necessary or incidental to the designated premises.

Because the plaintiffs have not provided any evidence that the liabilities arising out of the Alpine Motel Apartments fire are necessary or incidental to the operations of the Shreveport property, the Allied policy does not cover those liabilities.  Therefore, I grant Allied's motion for summary judgment and deny the plaintiffs' motion for partial summary judgment with respect to the coverage dispute.  I need not address whether the plaintiffs are covered entities under the Named Insured definitions because even if they are, there is no coverage for the fire lawsuits.

**B.  Bad Faith and Nevada Unfair Claims Practices Act Claims**

Allied contends that the insurance bad faith and Nevada UCPA claims fail because it denied coverage based on a reasonable interpretation of the policy.  The plaintiffs respond that the bad faith and Nevada UCPA claims should survive because Allied failed in its duty to "confirm additional coverage" for locations not listed as a designated premises, "proactively [] seek clarification" about coverage, or "acknowledge and address potential changes in coverage." ECF No. 47 at 11-12.  The plaintiffs also argue that Allied was on notice that it needed to advise the plaintiffs on coverage after Las Vegas Dragon Hotel applied for a Certificate of Participation and when Orozco requested to change the Named Insured from Galeana to Cancun.  Allied replies that it has no duty to advise its insured of proper coverage, nor to affirmatively follow up with applicants about the scope of coverage sought.

Based on the policy's language, no genuine dispute remains that it was reasonable for Allied to deny coverage.  Even if I assume that Allied knew that Galeana or Cancun was

managed by the same individuals as those who managed the Las Vegas Dragon Hotel, the plaintiffs do not provide any law supporting their argument that Allied owed a duty to advise its insured or applicants on coverage.  Therefore, as a matter of law, Allied did not violate the implied covenant of good faith and fair dealing or the Nevada UCPA.  I grant summary judgment in Allied's favor on these claims.

**IV. CONCLUSION**

I THEREFORE ORDER that defendant Allied World Insurance Company's motion for summary judgment **(ECF No. 45) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendant Allied World Insurance Company and against all plaintiffs as follows:  It is declared that Allied World Insurance Company's Umbrella Liability Policy No. 0311-5253 does not afford coverage for lawsuits arising out of the Alpine Motel Apartments fire because the Alpine Motel Apartments is not a designated premises under Policy No. 0311-5253 or any individual member Certificates of Participation authorized by Allied World Insurance Company, and because operations at the Alpine Motel Apartments are not necessary or incidental to the ownership, maintenance, or use of the Shreveport property designated on Cancun's Certificate of Participation.

I FURTHER ORDER that plaintiffs Las Vegas Dragon Hotel, LLC dba Alpine Motel; Adolfo Orozco; Erika Ayala; Elite 1, LLC; Galeana, LLC; and Cancun, LLC's motion for partial summary judgment **(ECF No. 46) is DENIED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE